

# The Attorney General of Texas

August 14, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Education Committee
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No. JM-340

Re: Whether a grievance hearing
is open to the public under cer-
tain circumstances and related
questions

Dear Senator Parker:

You ask whether the Open Meetings Law required an Alamo Community College District grievance committee to discuss a terminated employee's grievance in open session. You also ask whether the chancellor could order persons to leave the premises of the district headquarters. Newspaper clippings which you have submitted describe the circumstances of the grievance committee hearing.

On March 29, 1985, a grievance committee met to hear a grievance filed by a district secretary who had been terminated. The committee was appointed according to the following procedure of the Alamo Community College District:

> The three-member grievance committee shall be <u>ad hoc</u>. Its members shall be appointed by the President (or Chancellor, as appropriate) from a list of six or more employees agreed upon by (a) the appropriate Vice President or Director of Business Services (for college employees) or Vice Chancellor (for District employees) and (b) the elected head of the appropriate employee group or (when the grievant is an administrator) an ACCD employee designated by the committee from an elected or appointed pool, so long as the pool is large enough to ensure that a small number of employees are not asked to serve repeatedly. Persons involved in the grievance process are excluded.

The grievance policy states as follows:

> 4. Within five (5) days after receiving the grievance committee's recommendation, the

> President (or Chancellor, for District office
> employees) must communicate his or her decision in
> writing to the involved parties. College
> employees may appeal the President's decision to
> the Chancellor or his/her designee. A final
> appeal may be made to the Board of Trustees and
> must be filed within ten (10) days following the
> last level of appeal. At the Board's discretion,
> such an appeal may be handled either through a
> review of the grievance record or through a formal
> hearing. The final decision will be communicated
> in writing to the involved parties within five (5)
> days after the Board completes its deliberations.

Alamo District Policy Manual, What's What, Policy No. IV 4-29.

When the grievance committee convened the March 29 hearing at 9:00 a.m., two reporters from the San Antonio College student newspaper were present. The reporters had spoken to the employee about attending the hearing and she did not object to their presence. The chancellor's special assistant told the reporters that the hearing was closed. They attempted twice more to attend, without success. The chancellor ultimately called the campus police who arrived after the students had left the hearing room and were waiting outside the building for it to end. Campus police ordered them to leave the premises and filed disorderly conduct complaints against them.

The Open Meetings Act applies to meetings of a "governmental body" defined as follows:

> (c) 'Governmental body' means [1] any board,
> commission, department, committee, or agency
> within the executive or legislative department of
> the state, which is under the direction of one or
> more elected or appointed members; and [2] every
> Commissioners Court and city council in the state,
> and every deliberative body having rule-making or
> quasi-judicial power and classified as a depart-
> ment, agency, or political subdivision of a county
> or city; [3] and the board of trustees of every
> school district, and every county board of school
> trustees and county board of education; [4] and
> the governing board of every special district
> heretofore or hereafter created by law. (Emphasis
> added; numerals [1], [2], [3], [4] added).

V.T.C.S. art. 6252-17, §1(c). This definition is in four parts. See generally Attorney General Opinion H-467 (1974). The first part gives criteria for determining which state level entities are governmental

bodies. <u>See generally</u> Attorney General Opinions H-994 (1977); H-772 (1976); H-450, H-438, H-246 (1974); H-3 (1973). The remainder of the definition lists specific local governmental entities. <u>See generally</u> Attorney General Opinions MW-174 (1980); H-1281 (1978); H-554, H-496 (1975); H-450 (1974).

A community college district is a political subdivision. Attorney General Opinion M-707 (1970). The legislature has named such institutions "community colleges" because they "serve their communities not only through university-parallel programs but also by means of occupational programs and other programs of community interest and need." Educ. Code §130.005. A community college district board of trustees is governed by the law pertaining to independent school districts, insofar as it is applicable. Educ. Code §130.084. Moreover, community college districts are "school districts" within article VII, section 3 of the Texas Constitution, which authorizes school districts to levy and collect ad valorem taxes. <u>Shepherd v. San Jacinto Junior College District</u>, 363 S.W.2d 742 (Tex. 1963); <u>see</u> Educ. Code §130.005 (junior colleges renamed community colleges). In our opinion, the trustees of a community college district are trustees of a "school district" within section 1(c) of the Open Meetings Act. <u>See also</u> V.T.C.S. art. 6252-17, §3A(b), (e) (notice provisions). Thus, the board of trustees of the Alamo Community College District is a governmental body within the act.

Prior opinions establish that an entity will be covered by the Open Meetings Act if it is a "governmental body" which holds "meetings," as those terms are defined in the act. <u>See</u> Attorney General Opinions H-994 (1977); H-772 (1976); H-438 (1974). These opinions consider whether the entity in question is described by the express language of the definitions. Thus, a state-level entity will be a governmental body within the act if it is "within the executive or legislative department of the state" and "under the direction of one or more elected or appointed members." <u>See, e.g.,</u> Attorney General Opinions H-994 (1977); H-772 (1976); H-438 (1974). For a local level entity to be a "governmental body" within the act, it must be expressly included in the list of governmental bodies which comprises the second branch of the definition. V.T.C.S. art. 6252-17, §1(c). That list names several specific governmental bodies. It also establishes criteria for identifying deliberative bodies "classified as a department, agency, or political subdivision of a county or city." <u>See, e.g.,</u> Attorney General Opinions JM-4 (1983); H-467 (1974). The definition of governmental body does not, however, include committees subordinate to the governing body of a school district or junior college district such as the grievance committee. Since the Alamo Community College grievance committee is not a governmental body within the statutory definition, it is not subject

to the Open Meetings Act.  The March 29 hearing was therefore not a meeting subject to the Open Meetings Act.

You next ask whether the chancellor could order persons to leave the premises of district headquarters.  Since the grievance committee hearing was not subject to the Open Meetings Act, student reporters had no right under that act to attend.  Whether the chancellor could properly order persons to leave the premises of district headquarters depends upon all the facts and circumstances.  The trustees of a community college "have the exclusive power to manage and govern" the schools of the district.  Educ. Code §23.26(b).  They may adopt "such rules, regulations, and by-laws as they may deem proper."  College officials may enforce rules and regulations to deter disruption of the educational environment.  Lansdale v. Tyler Junior College, 318 F. Supp. 529 (D.C. 1970); Hughes v. Board of Trustees, Tarrant County Junior College District, 480 S.W.2d 289 (Tex. Civ. App. - Fort Worth 1972, writ ref'd n.r.e.).  Assuming the chancellor was acting pursuant to authority validly delegated by the trustees, he was empowered to order persons to leave district headquarters.  See also Penal Code §42.05 (disrupting a meeting).

## S U M M A R Y

A grievance committee of the Alamo Community College District is not a "governmental body" within the Open Meetings Act, article 6252-17, V.T.C.S.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood